UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHOO!, INC., <br>           Plaintiff, <br> v. <br> MYMAIL, LTD., <br>           Defendant. | Case No. 16-cv-07044-EJD (SVK) <br><br> **ORDER ON DISCOVERY LETTER BRIEF REGARDING RULE 30(b)(6) DEPOSITION NOTICES TO YAHOO!, INC.** <br><br> Re: Dkt. No. 38 |

The parties have submitted a joint discovery letter brief on a dispute regarding two Rule 30(b)(6) deposition notices served on plaintiff Yahoo!, Inc. by defendant MyMail, Ltd. ECF 38. MyMail seeks an order compelling Yahoo to produce one or more corporate representatives to appear in response to the deposition notices. *Id.* at 1. MyMail has agreed to limit its Rule 30(b)(6) deposition of Yahoo to one day and six topics, which it identifies in footnote 1 of the parties' joint discovery letter brief. *Id.* at 2 n.1. Yahoo is opposed to a Rule 30(b)(6) deposition on these topics, which Yahoo characterizes as relating to contentions, legal conclusions, and issues for expert discovery. *Id.* at 3-5. Yahoo argues that MyMail should pursue the disputed topics by way of "focused contention interrogatories" rather than a Rule 30(b)(6) deposition. *Id.*

Pursuant to Civil Local Rule 7–1(b), the Court concludes that the issues presented in the parties' joint discovery letter brief are appropriate for determination without oral argument. Having considered the briefing, and as discussed below, the Court DENIES MyMail's request for an order compelling Yahoo to produce witnesses on the disputed topics for deposition under Rule 30(b)(6) at this time, on the condition that Yahoo respond to contention interrogatories on those topics within fifteen (15) calendar days of service. This order is without prejudice to MyMail seeking depositions on the disputed topics if warranted after MyMail's receipt and review of Yahoo's interrogatory responses.

United States District Court
Northern District of California

## I. BACKGROUND

In this lawsuit (the "California action"), Yahoo alleges that MyMail breached two online agreements governing use of certain Yahoo software. ECF 1. Yahoo filed the California action in December 2016, after being sued by MyMail for patent infringement in the Eastern District of Texas in September 2016 (the "Texas action"). *See* ECF 1-3, 1-4. In the Texas action, MyMail alleges that the Yahoo toolbar infringes MyMail's patents. *See id.* In the California action, Yahoo's allegations that MyMail violated the terms of Yahoo's Terms of Service ("TOS") and Toolbar Software License agreements are based upon allegations MyMail made in the Texas action. *See, e.g.,* ECF 1 at ¶¶ 29-36. For example, Yahoo alleges that MyMail's complaint and first amended complaint in the Texas action "contain images allegedly depicting aspects of the functionality of the Yahoo Toolbar that, on information and belief, were not produced by the Yahoo Toolbar, or any other software provided by Yahoo, and do not convey information that would ordinarily be made visible or apparent to users of the Yahoo Toolbar." *Id.* at ¶ 35. Yahoo then goes on to allege that MyMail has violated the TOS and Toolbar Software License Agreements by, among other things, "reverse engineering one or more versions of the Yahoo Toolbar," "using the Yahoo Toolbar in a manner inconsistent with the TOS and the Toolbar Software," "seeking to derive income from its use of Yahoo! Software," "copying Yahoo! Software and data obtained through Yahoo! Software and by transferring or transmitting data obtained through Yahoo! Software in the MyMail Complaint and [First Amended Complaint]," and "obtaining and using one or more versions of the Yahoo Toolbar in the manner described above for the purpose of filing the Texas Action, and by filing the Texas Action." *Id.* at ¶¶ 37-41.

In the California action, MyMail served Yahoo with two notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), seeking a deposition of one or more Yahoo corporate representatives on a number of topics. In the parties' joint discovery letter brief, MyMail summarizes the disputed topics as follows:

> (1) "the facts supposedly showing that 'MyMail or an individual under MyMail's direction or control has used Yahoo's email services, and has downloaded, installed, and used at least one version of the Yahoo Toolbar in connection with Yahoo's email services,' and that 'MyMail agreed to' the TOS and the Toolbar Software License";

(2) "the facts showing that MyMail sought 'to derive income from its use of Yahoo! Software'";

(3) "the facts showing that MyMail 'unfairly prevented Yahoo from receiving the benefits it was entitled to receive under the Toolbar Software License and the TOS'";

(4) "the facts showing that MyMail engaged in reverse engineering one or more versions of the Yahoo Toolbar, and by using the Yahoo Toolbar in a manner inconsistent with the TOS and the Toolbar Software License";

(5) "MyMail has materially breached the TOS by copying Yahoo! Software and data obtained through Yahoo! Software and by transferring or transmitting data obtained through Yahoo! Software"; and

(6) "the nature and amount of any damages Yahoo! alleges it suffered as a result of any alleged breaches of the TOS and Toolbar Software License."

ECF 38 at 2 n.1.[1]

## II. DISCUSSION

The scope of permissible discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1). A party's attempt to conduct discovery into "an opinion or contention that relates to fact or the application of law to fact" is not necessarily improper. *See* Fed. R. Civ. Proc. 33(a)(2) (authorizing contention interrogatories). A court, for good cause, may issue a protective order prescribing a discovery method other than the one selected by the party seeking discovery. Fed. R. Civ. Proc. 26(c)(1)(C).

Here, the parties, through meet and confer efforts, have apparently narrowed their dispute to the issue of whether MyMail should obtain discovery from Yahoo on the six topics discussed

---

[1] The parties' joint discovery letter brief purported to attach the two Rule 30(b)(6) deposition notices served by MyMail and Yahoo's responses and objections to those notices (*see* ECF 38), but those documents were not attached to the brief filed with the Court. The parties, however, have focused their brief on the topics as summarized in footnote 1 of the brief, and the Court's order likewise focuses on those topics.

3

above by way of a Rule 30(b)(6) deposition or by contention interrogatories. "Whether 'contention' 30(b)(6) topics are appropriate is an inquiry that depends on the facts and circumstances of each case." *Gen-Probe Inc. v. Becton, Dickinson and Co.*, No. 09cv2319 BEN (NLS), 2012 U.S. Dist. LEXIS 193687, at *5 (S.D. Cal. Mar. 28, 2012). Under certain circumstances, courts have required parties to obtain discovery into their opponents' contentions by way of interrogatories, rather than depositions under Rule 30(b)(6). For example, in *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, the defendant sought to use Rule 30(b)(6) depositions as a vehicle "for learning the bases for the contentions made and for the positions taken (including all affirmative defenses [to counterclaims])" by the plaintiff. 134 F.R.D. 275, 286 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991). The court expressed concern about asking a non-lawyer witness to give a Rule 30(b)(6) deposition on a party's contentions in "the particular setting" of that patent infringement case, in which "the bases for contentions do not consist exclusively of relatively straightforward facts or evidence, as might be true, by contrast in a case arising out a traffic accident" and "a substantial part of 'the bases for contentions' really consists of quasi-legal argument." *Id.* at 287. The court issued a protective order prohibiting either party from pursuing the bases for the other's contentions through Rule 30(b)(6) depositions, and ordered them instead to do so through contention interrogatories. *Id.* at 287-88. Similarly, in *3M Co. v. Kanbar*, a trademark infringement case, the court declined to compel a Rule 30(b)(6) deposition on the support for the plaintiff's allegations that the accused product was "identical" or "confusingly similar" to the plaintiff's mark and for the allegation that defendant's product had caused "blurring, dilution or tarnishment" of plaintiff's mark. No. C06-01225 JW (HRL), 2007 U.S. Dist. LEXIS 47513, at *6-7 (N.D. Cal. June 19, 2007). The court concluded that those topics were, "in effect, seeking legal conclusions that should not form the basis for 30(b)(6) deposition topics." *Id.* The court instead required plaintiff to respond to contention interrogatories on those issues. *Id.*

MyMail's offer to limit a Rule 30(b)(6) deposition to one day on the six disputed topics (ECF 38 at 2 n.1) helps alleviate the burden of such discovery on Yahoo. Given the nature of the case and considerations of efficiency, however, the Court concludes that these topics should first

4

be explored through contention interrogatories. MyMail seeks a deposition to explore the basis for the allegations in Yahoo's complaint in the California action, which derive at least in part from MyMail's own allegations in the Texas action. In the unique circumstances of this case, these topics are better explored, at least in the first instance, through contention interrogatories than through deposition of Yahoo corporate representatives.

Yahoo has offered to respond to "focused contention interrogatories on these topics" within fifteen (15) calendar days. ECF 38 at 4, 5. Accordingly, Yahoo is ordered to respond within fifteen (15) calendar days of service to contention interrogatories on the topics identified in footnote 1 of the parties' joint discovery letter brief. Although MyMail is not foreclosed from rewording the interrogatories, subject to objection by Yahoo, the Court notes that it considers interrogatories phrased in terms of the topics identified in footnote 1 to be sufficiently "focused." The denial of MyMail's motion to compel a Rule 30(b)(6) deposition on these topics is without prejudice to renewal of its request if a deposition is necessary following MyMail's review of Yahoo's response to contention interrogatories.

## III. CONCLUSION

For the reasons discussed above, MyMail's request for an order compelling Yahoo to produce one or more corporate witnesses to appear in response to MyMail's two Rule 30(b)(6) deposition notices is DENIED. Yahoo is ordered to respond within fifteen (15) calendar days to contention interrogatories on the topics identified in footnote 1 of the parties' joint discovery letter brief (ECF 38). This order is without prejudice to MyMail's ability to seek a deposition on these topics if necessary following MyMail's receipt and review of Yahoo's interrogatory responses.

**SO ORDERED.**

Dated: May 18, 2017

SUSAN VAN KEULEN
United States Magistrate Judge