UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO!, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MYMAIL, LTD.,<br><br>　　　　Defendant. | Case No. 5:16-cv-07044-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS, STAY OR TRANSFER AND DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>DOCKET NOS. 20, 32 |

The following motions are scheduled for hearing on July 13, 2017: Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Defendant's Motion to Dismiss, Stay or Transfer. The Court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the motion, opposition and reply briefs, and for the reasons set forth below, the Court denies Defendant's motions without prejudice.

The parties are involved in two separate lawsuits. The first filed action is a patent infringement suit initiated in 2016 by MyMail, Ltd. ("MyMail") against Yahoo!, Inc. ("Yahoo") in the Eastern District of Texas, Civil Action No. 2:16-cv-01000-JRG-RSP ("Texas Action"). In the Texas Action, MyMail alleges, among other things, that Yahoo's testing and implementation of the Yahoo Toolbar infringes two of MyMail's patents.

Yahoo initiated the second action in this Court against MyMail for breach of Yahoo's Toolbar Software License and Yahoo's Terms of Service ("Yahoo Agreements"), both of which

1

contain a forum selection clause specifying jurisdiction exclusively in the courts located within the County of Santa Clara, California. Complaint, ¶¶19, 24. In the instant action, Yahoo alleges, among other things, that MyMail breached one or both of the Yahoo Agreements and its duty of good faith and fair dealing by engaging in the following acts: bringing the Texas Action outside the courts of the County of Santa Clara; reverse engineering one or more versions of the Yahoo Toolbar and using the Yahoo Toolbar in a manner inconsistent with the Yahoo Agreements; seeking to derive income from use of Yahoo software; and copying Yahoo software and data obtained through Yahoo software and by transferring or transmitting data obtained through Yahoo software in the MyMail Complaint and First Amended Complaint filed in the Texas Action.

MyMail moves to dismiss this action for lack of personal jurisdiction and improper venue. According to MyMail, Yahoo's sole basis for asserting that this Court has jurisdiction over MyMail and that venue is proper are the forum selection clauses found in the Yahoo Agreements. MyMail contends that it did not enter into the Yahoo Agreements, nor did it authorize, instruct or direct anyone to enter into the Yahoo Agreements on its behalf; that the Yahoo Agreements are "browsewrap agreements" that do not reasonably communicate the terms of those Agreements to any user opening a Yahoo e-mail account and downloading the Toolbar; and that MyMail's patent infringement claims do not fall within the scope of the Yahoo Agreements. MyMail also moves to dismiss, stay or transfer the action pursuant to the first-to-file rule.

On March 17, 2017, Magistrate Judge Roy S. Payne issued an order in the Texas Action denying Yahoo's motion to change venue.[1] In doing so, Judge Payne rejected Yahoo's argument that MyMail's patent infringement claims fall within the scope of the forum selection clauses. Judge Payne also found that Yahoo had failed to furnish reliable evidence that someone with authority to bind MyMail agreed to the terms of the Yahoo Agreements. See MyMail's Motion to Dismiss, Stay or Transfer. Yahoo has filed objections to the Judge's Order and My Mail has filed

---

[1] Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court takes judicial notice of the Order. See Exhibit G attached to Buether Decl. in Support of Motion to Dismiss, Stay or Transfer.

a response to those objections. Because the applicability of the forum selection clauses in the Yahoo Agreements is central to the pending motions in this Court and remains the subject of motion practice in the Texas Action, the Court DENIES Defendant's Motion to Dismiss, Stay or Transfer and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction without prejudice to Defendant's right to renew the motions, if appropriate, after the Eastern District of Texas rules on Yahoo's pending objection.

**IT IS SO ORDERED.**

Dated: July 11, 2017

EDWARD J. DAVILA
United States District Judge