UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO!, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>MYMAIL, LTD.,<br><br>        Defendant. | Case No.  5:16-cv-07044-EJD<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DENYING MOTION TO DISMISS, STAY OR TRANSFER; SCHEDULING TRIAL SETTING CONFERENCE**<br><br>Re: Dkt. Nos. 56, 57, 58 |

## I.  INTRODUCTION

The following motions are scheduled for hearing on October 12, 2017:  Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Defendant's Motion to Dismiss, Stay or Transfer.  The Court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having considered the motion, opposition and reply briefs, and for the reasons set forth below, the Court denies Defendant's motions.

CASE NO.: 5:16-CV-07044-EJD
ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DENYING MOTION TO DISMISS, STAY OR TRANSFER; SCHEDULING TRIAL SETTING CONFERENCE

1

The parties are involved in two separate lawsuits. The first filed action is a patent infringement suit initiated in 2016 by MyMail, Ltd. ("MyMail") against Yahoo!, Inc. ("Yahoo!") in the Eastern District of Texas, Civil Action No. 2:16-cv-01000-JRG-RSP ("Texas Action"). In the Texas Action, MyMail alleges, among other things, that Yahoo!'s testing and implementation of the Yahoo! Toolbar infringes two of MyMail's patents.

Yahoo! initiated the second action in this Court against MyMail for breach of Yahoo!'s Toolbar Software License and Yahoo!'s Terms of Service ("Yahoo! Agreements"), both of which contain a forum selection clause specifying jurisdiction exclusively in the courts located within the County of Santa Clara, California. Complaint, ¶¶19, 24. In the instant action, Yahoo! alleges that MyMail breached one or both of the Yahoo! Agreements and its duty of good faith and fair dealing by, *inter alia*, reverse engineering Yahoo!'s software, seeking to derive income from use of Yahoo!'s software, and filing the Texas Action.

MyMail moves to dismiss this action for lack of personal jurisdiction and improper venue. MyMail contends that it did not enter into the Yahoo! Agreements, nor did it authorize, instruct or direct anyone to enter into the Yahoo! Agreements on its behalf. MyMail also contends that the Yahoo! Agreements are "browsewrap agreements" that do not reasonably communicate the terms of those Agreements to any user opening a Yahoo! e-mail account and downloading the Toolbar.[1] MyMail also moves to dismiss, stay or transfer the action pursuant to the first-to-file rule.

III. DISCUSSION

A. Personal Jurisdiction

Where, as here, the parties support their respective positions on personal jurisdiction with affidavits, the plaintiff must make a *prima facie* showing of jurisdictional facts to defeat a

---

[1] MyMail also argues that its patent infringement claims do not fall within the scope of the Yahoo! Agreements. The Texas Court has already ruled in favor of MyMail on this issue, and therefore this Court finds it unnecessary to address the issue.

defendant's motion to dismiss.  Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  A forum selection clause in a written contract may be *prima facie* evidence that personal jurisdiction is proper.  See e.g. XIFIN, Inc. v. National Reference Laboratory for Breast Health, Inc., 2017 WL 4005264 (S.D. Cal. 2017) (citing SEC v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007).  In assessing whether a plaintiff has made a *prima facie* showing, a plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.  Duffy v. Scott, 2008 WL 2168902 (N.D. Cal. 2009) (citing Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003)).  Unless directly contravened, plaintiff's version of facts is taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor.  Harris Rutsky & Co. Ins. Services, Inc., 328 F.3d at 1129.

Yahoo! relies upon the declaration of Stephen Owens, who states that a MyMail filing in the Texas Action shows images depicting use of the Yahoo! Toolbar with Yahoo!'s email services, and that one cannot use these services without taking actions that manifest agreement to Yahoo!'s Agreements.  Yahoo! also presents evidence of MyMail's engagement of a third party, iRunway, Inc. ("iRunway"), which provides additional support for exercising personal jurisdiction over MyMail.  See Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd., 2017 WL 201703, at *7 (N.D. Cal. 2017) (non-parties alleged conduct so "closely related" to contractual relationship that they too were bound by forum-selection clause).

The declaration submitted by MyMail's principal, Robert Derby, does not directly contravene Yahoo!'s evidence.  Instead, MyMail argues that as a matter of contract law, MyMail is not bound by any Yahoo! agreement that iRunway may have entered.  At this stage in the proceedings, the Court finds that Yahoo! has satisfactorily made a *prima facie* showing of jurisdiction.  Whether the Yahoo! Agreements will ultimately be binding and enforceable against

CASE NO.: 5:16-CV-07044-EJD
ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION;
DENYING MOTION TO DISMISS, STAY OR TRANSFER; SCHEDULING TRIAL SETTING
CONFERENCE

3

MyMail must be determined later in the proceedings based upon a full evidentiary record.[2]

B. First-to-File Rule

"The 'first-to-file' rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court." Z-Line Designs, Inc. v. Bell'O Int'l, LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). In applying the first-to-file rule, a court looks at three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Id. The first-to-file rule does not require exact identity of parties or exact identity of issues. Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015). In this case, the parties dispute the third factor.

The Texas Action involves patent infringement claims, whereas the instant action is for breach of contract. Nevertheless, MyMail contends that the two actions involve identical issues: whether MyMail agreed to the Yahoo! Agreements, and whether the forum selection clauses in those Agreements are enforceable or applicable to MyMail's lawsuit in Texas. Yahoo! contends, however, that the Texas court has already decided that the forum selection clauses in the Terms of Service and Toolbar License are inapplicable to MyMail's patent claims. In light of the Texas ruling, this Court finds that the two actions do not involve similar issues.[3] Accordingly, the first-to-file rule is inapplicable.

---

[2] MyMail also contends that the Texas court already determined that MyMail did not enter into the Yahoo! Agreements. The Texas court's ruling, however, is not so clear. In denying Yahoo's motion to transfer the Texas action to this district, the Texas court first determined that MyMail's patent rights did not arise out of or relate to the Yahoo! Agreements. The Texas court next stated that "[e]ven if the user agreements could apply to this suit, Yahoo has also failed to furnish reliable evidence that someone with the authority to bind MyMail did so." Docket No. 58, Ex. G. Arguably, the Texas court's statement regarding the evidentiary record is dicta, and therefore not binding.

[3] The Court also notes that Yahoo! amended its answer in the Texas action to remove a reference to "contractual obligations," which rendered moot MyMail's motion for partial summary judgment challenging Yahoo!'s contractual damages limitation affirmative defense. In the event Yahoo! attempts to reinstate any defense based on the Terms of Service and Toolbar License or to otherwise raise the applicability of these agreements in the Texas action, MyMail may renew its motion to stay the California action before this Court.

CASE NO.: 5:16-CV-07044-EJD
ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DENYING MOTION TO DISMISS, STAY OR TRANSFER; SCHEDULING TRIAL SETTING CONFERENCE

## IV. CONCLUSION

For the reasons set forth above, MyMail's motions are DENIED. The Court will conduct a trial setting conference on November 30, 2017 at 11:00 a.m. The parties shall file a joint trial setting conference statement no later than November 20, 2017.

**IT IS SO ORDERED.**

Dated: October 5, 2017

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:16-CV-07044-EJD
ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION;
DENYING MOTION TO DISMISS, STAY OR TRANSFER; SCHEDULING TRIAL SETTING
CONFERENCE